**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

**CASE NO.: 1:26-cv-07600**

DAVID GORDON OPPENHEIMER,

Plaintiff,

v.

ACTIVE DESIGN ADVISORS, INC.

Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff David Gordon Oppenheimer brings this Complaint against Defendant Active Design Advisors, Inc. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") brings this action against Defendant Active Design Advisors, Inc. ("ADAI" or "Defendant") for copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints and commercially license his photographs. Oppenheimer maintains a large photography archive comprising more than 500 galleries depicting concerts, music festivals, travel destinations, landmarks, and aerial views of major cities, rural areas, and mountain landscapes across the United States. His works have been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and displayed at the Museum of the City of New York.

3. ADAI owns and operates Fitwel, a commercial building-health certification platform serving the real estate industry. At all relevant times, ADAI owned and operated the website located at https://www.fitwel.org/ (the "Website").

4. Oppenheimer alleges that ADAI reproduced and publicly displayed Oppenheimer's copyright-protected Work without authorization in connection with the advertising, marketing, and promotion of its business and services.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. ADAI is subject to personal jurisdiction in New York based on its business activities and contacts with the State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because ADAI is subject to personal jurisdiction in this District and may be found here.

## DEFENDANT

9. ADAI is a Delaware corporation registered and authorized to conduct business in New York. Upon information and belief, ADAI transacts business in New York. ADAI may be served with process through its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801. ADAI is listed on the New York Department of State Division of Corporations, with its principal executives' address being 49 Flatbush Ave, Suite 140, Brooklyn, New York 11217.

## THE COPYRIGHT-PROTECTED WORK AT ISSUE

10. In 2016, Oppenheimer created the photograph entitled "125 Broad Street in New York City," which is shown below and referred to herein as the ("Work").



*125 Broad Street in New York City – Copyright 2016 David Oppenheimer – Performance Impressions aerial photography achieves – https://performanceimpressions.com*

11. The Work is an original photographic work of authorship protected under the Copyright Act. Its perspective, orientation, positioning, lighting, and other expressive elements reflect Oppenheimer's creative choices.

12. Oppenheimer registered the Work with the United States Copyright Office in a group registration of photographs. The Work is on record with the contents title "*125_Broad_Street_building_NYC_3870.jpg*" and is identified on page 3 of the copyright

registration VAu 1-251-271 with an effective date of August 9, 2016. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. At all relevant times, Oppenheimer has been the exclusive owner of the copyright in the Work.

**<u>INFRINGEMENT BY ADAI</u>**

14. ADAI has never been licensed to use the Work for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, ADAI copied the Work.

16. Within three years of filing this action, Oppenheimer learned of the unauthorized use of the Work on the Website at the following URLs:

a. https://www.fitwel.org/blog/cushman-wakefield-sustainable-investment-group-125-broad-street

b. https://images.squarespace-cdn.com/content/v1/6294f761bc48c512bfad618b/1697217250620-J4W7J00ZTVW7MLJ5DUKK/125+Broad+Street_view+from+river.jpg

17. ADAI copied the copyright-protected Work without Oppenheimer's permission.

18. Defendant reproduced and publicly displayed the Work online to advertise, market, and promote its Fitwel platform and related services.

19. ADAI committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

20. Oppenheimer never gave ADAI permission or authority to copy, distribute, or display the Work for any purpose.

21. Oppenheimer notified ADAI of the allegations set forth herein on February 12, 2026, March 2, 2026, May 21, 2026 and August 21, 2026. ADAI chose not to engage in substantive discussions. To date, the parties have failed to resolve this matter.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

22. Plaintiff incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff owns a valid copyright in the Work.

24. Plaintiff registered the Work with the United States Copyright Office pursuant to 17 U.S.C. § 411(a).

25. ADAI copied, displayed, and distributed the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

26. ADAI performed the acts alleged in the course and scope of its business activities.

27. Defendant's infringement was willful.

28. As a direct and proximate result of Defendant's infringement, Oppenheimer has suffered damages.

29. Such harm includes monetary harm, irreparable harm, injury to his reputation, and damage to his goodwill.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT**

30. Oppenheimer incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

31. ADAI has a direct financial interest in the infringing material because it derives profits from the Website displaying the infringed Work.

32. Despite having the ability to stop the infringed Work from being displayed on its Website, ADAI allowed the materials to remain up for display.

33. To the extent that the actions described above were performed by a third party alone, ADAI is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

34. As a direct and proximate result of Defendant's infringement, Oppenheimer has suffered damages.

35. Such harm includes monetary harm, irreparable harm, injury to his reputation, and damage to his goodwill.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant as follows:

a. ADAI and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. ADAI be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Oppenheimer be awarded his attorneys’ fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Jordan I. Abisror*

JORDAN I. ABISROR
Bar Number: 6139190
jordan.abisror@sriplaw.com

JOSEPH A. DUNNE
(JD0674)
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*